UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Javante D. Jones,

                              Plaintiff,

                -against-

John Doe 1 et al.,

                              Defendants.

26-CV-1114 (AS)

ORDER OF SERVICE

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendants ignored his serious medical condition. Plaintiff sues several medical providers, including Christopher Larosa, Gerard Auguste, Lionel Desroches, Nana Asare, Larry Blackmore, Darrell Oberlin, Abdul Akhand, Scott Parks, and John Doe defendants. By order dated February 24, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Larosa, Auguste, Desroches, Asare, Blackmore, Oberlin, Akhand, and Parks through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully directed to request service from the U.S. Marshal Service from the named defendants.

SO ORDERED.

Dated: May 15, 2026
    New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Nana Asare, Larry Blackmore, Abdul Akhand, and Scott Parks
      PAGNY
      420 Lexington Ave, Suite 1750, New York, NY 10170.

2.    Christopher Larosa, Gerard Auguste, Lionel Desroches, and Darrell Oberlin
      Addresses redacted from public filing